IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHAWNATHAN DELREA FORT, | ) | CASE NO. 1:23 CV 1527 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| JENNA LEE MOTUZA, | ) | |
| | ) | **MEMORANDUM OPINION** |
| Defendant. | ) | **AND ORDER** |

**I. Introduction**

*Pro se* plaintiff Shawnathan Delrea Fort filed this *in forma paperis* civil rights action against Jenna Lee Motuza (Doc. No. 4).

Plaintiff's Complaint contains very few facts, nonsensical rhetoric, and references to federal "Racketeer Influenced and Corrupt Organizations" ("RICO") and the Eight Amendment. In a conclusory fashion, Plaintiff appears to claim that Defendant violated RICO with "extortion and economic espionage." In apparent support, Plaintiff claims he was forced to send Defendant a signed tax Covid-19 relief form and his intellectual property "including social media, email passwords, two novels, a screenplay, ... song soundtrack, and journals." (*Id.* at 5). Plaintiff states

that the "intellectual property was completed when [the defendant] requested [Plaintiff] be placed on Mental Health Reform." (*Id.*). Plaintiff claims that once he was "extorted to send" this "intellectual property," he was re-convicted. Plaintiff claims that this re-conviction is a violation of his Eighth Amendment rights.

Plaintiff asks the Court for compensatory relief and for the Court to vacate the remaining 8 years of his criminal sentence. (*Id.* at 6).

**II. Standard of Review**

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual

allegations, but he must provide more than "an unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### III. Discussion

Although this Court recognizes that *pro se* pleadings are held to a less stringent standard than formal pleadings drafted by lawyers, *El Bey v. Roop*, 530 F.3d 407, 413 (6th Cir. 2008), "the lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Liberal construction for *pro se* litigants does not "abrogate basic pleading requirements." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The Court is not required to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Bassett v. Nat'l Collegiate Ath. Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008); *see Pliler v. Ford*, 542 U.S. 225, 231, 124 S. Ct. 2441, 159 L. Ed. 2d 338 (2004) (district courts "have no obligation to act as counsel or paralegal" to *pro se* litigants); *Payne v. Sec'y of Treasury*, 73 F. App'x 836, 837 (6th Cir. 2003) (district courts are not required to create a pro se litigant's claim for him or her). Rather, the complaint must give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Lillard v. Shelby Cty. Bd. of Edn.*, 76 F.3d 716, 724 (6th Cir.1996) (citation omitted). The complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 F. App'x 784, 786 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 678) (internal quotations and emphasis omitted).

Here, Plaintiff fails to meet even the most liberal reading of the *Twombly* and *Iqbal* standard as his pleading fails to set forth "a short and plain statement of [any] claim showing that [Plaintiff] is entitled to relief[.]" Rule 8(a)(2). Rather, Plaintiff's Complaint is composed entirely of meaningless rhetoric and conclusory allegations. The Complaint fails to include any discernible factual allegations and it fails to assert a cognizable claim based on recognized legal authority. This Court and the defendant are left to guess at basic elements of Plaintiff's purported claims. The Complaint does not satisfy the minimum pleading requirements of Federal Civil Procedure Rule 8 and is therefore dismissed on this basis.

To the extent Plaintiff seeks to have a portion of his sentence terminated, his sole remedy is a writ of habeas corpus. *See, e.g., Williams v. Ohio*, 2021 U.S. Dist. LEXIS 168539, 2021 WL 4060383, at *2 (N.D. Ohio Sept. 7, 2021) (dismissing civil rights complaint brought by Ohio prisoner seeking release from post release control portion of his sentence). And to the extent Plaintiff seeks to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid under 42 U.S.C. § 1983, a plaintiff must first show that the conviction or sentence at issue has already been reversed on direct appeal or called into question by a court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). Here, Plaintiff has not alleged or demonstrated that his sentence has been reversed or called into question in any way as articulated in *Heck*. Plaintiff has therefore failed to state a cognizable civil rights claim concerning his conviction.

**IV. Conclusion**

For the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision may not be

taken in good faith.

**IT IS SO ORDERED**.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: November 9, 2023